106 A.3d 1173

IN THE MATTER OF THE ADOPTION OF N.J.A.C. 5:96
AND 5:97 BY THE NEW JERSEY COUNCIL ON
AFFORDABLE HOUSING.

March 14, 2014.

## ORDER

This matter having come before the Court on motion by the Council on Affordable Housing (Council) seeking an extension of time (M–847–13) from the five-month period for the promulgation of Third Round Rules that this Court directed as part of its holding in *In re Adoption of N.J.A.C. 5:96 and 5:97*, 215 *N.J.* 578, 74 *A.*3d 893 (2013); and

The Council having submitted the sworn certification of its Chairman, the Commissioner of Community Affairs, Richard E. Constable, III, *see N.J.S.A.* 52:27D–305; and

The Chairman, having informed this Court that work has progressed on the development of new Third Round Rules so that he has certified, based on personal knowledge, that a proposed set of Third Round Rules will be approved by the Council by May 1, 2014, or earlier, for publication in the *New Jersey Register*, as prescribed in the Administrative Procedure Act (APA), *N.J.S.A.* 52:14B–1 to –15; and

This Court having accepted the representation of the Council, certified by its Chairman, that the Council requires additional time to complete its preparation and formal approval of new proposed Third Round Rules for publication; and

The Court further having accepted the representation of the Council, certified by its Chairman, that the Council will complete its preparation of a Third Round Rules proposal and will approve for publication the proposed new Third Round Rules by May 1, 2014; and

The Court having also received and considered the answers submitted by the other parties in response to the Council's motion

for an extension of time as well as the moving papers and answers filed in connection with the Council's motion for stay (M–848–13);

Therefore, it is ORDERED that the motion for an extension of time, is granted, subject to the following conditions:

The Council shall, by May 1, 2014, complete its actions preparing and formally approving the proposed Third Round Rules as required by this Court's decision in *In re Adoption of N.J.A.C. 5:96 and 5:97*;

The Council shall promptly forward the proposed rules to the Office of Administrative Law (OAL), in accordance with the OAL's Rule Publication Schedule, *available at* http://www.state.nj.us/oal/rules/schedule/, so that the proposed rules are published in the June 2, 2014, edition of the *New Jersey Register*;

The publication of the proposed rules shall commence the following schedule, pursuant to which the Council shall complete the adoption process:

The comment period shall extend to August 1, 2014, during which time the Council shall conduct a public hearing, if such a request is made to the Council within thirty (30) days following publication of the proposed Third Round Rules in the *New Jersey Register*; and

The Council shall adopt the proposed Third Round Rules on or before October 22, 2014, and transmit the adopted Third Round Rules to the OAL to permit publication of the adoption notice in the November 17, 2014, edition of the *New Jersey Register*. The adopted Third Round Rules transmitted to the OAL shall be accompanied by a report prepared by the Council listing all parties offering written or oral comments concerning the proposed Third Round Rules, summarizing the content of all comments and' submissions, and providing the Council's response to the data, views, and argument contained in the submissions as required by *N.J.S.A.* 52:14B–4(a)(4).

It is further ORDERED that in the event that the Council does not adopt Third Round Rules by November 17, 2014, then this Court will entertain applications for relief in the form of a motion in aid of litigants' rights, including but not limited to a request to lift the protection provided to municipalities through *N.J.S.A.* 52:27D–313 and, if such a request is granted, actions may be commenced on a case-by-case basis before the Law Division or in the form of "builders remedy" challenges; and

It is further ORDERED that the Appellate Division Order filed March 7, 2014, is vacated in its entirety; and

It is further ORDERED that from this date the Court is retaining jurisdiction for the sole purpose of entertaining any and

all future applications to enforce the judgment of this Court requiring the adoption of new Third Round Rules as prescribed in our decision in *In re Adoption of N.J.A.C. 5:96 and 5:97* and the terms of this Order; and

It is further ORDERED that the motion by the Council for a stay (M–848–13) of the March 7, 2014, Order of the Appellate Division, is dismissed as moot.

Justices LaVECCHIA, PATTERSON, and FERNANDEZ–VINA, and Judges RODRIGUEZ and CUFF (both temporarily assigned) join in this Order.

Justice ALBIN filed a dissent.

Chief Justice RABNER did not participate.

Justice ALBIN, dissenting.

The Court's order further postpones the building of affordable housing for the poor, housing that is required by our constitutional jurisprudence and the Fair Housing Act. For more than ten years, the Council on Affordable Housing (COAH or Council) has failed to promulgate lawful Third Round Rules to ensure that every municipality bears its fair share of providing affordable housing, This decade-long delay represents an abysmal failure of process, and the judiciary must accept its share of blame for not demanding timely compliance.

I write this dissent because the Court has failed to make the most basic inquiries to assure that the State has filed the request for an extension of time in good faith. I would have agreed to the extension request if the State had presented an adequate explanation, rather than amorphous excuses without meaningful details, for not abiding by this Court's September 26, 2013 directive. It is impossible to tell from the certification of Richard E. Constable, III, Commissioner of the Department of Community Affairs, whether any real effort was made to comply with the Court's order. The Court's granting of the State's eleventh-hour exten-

sion request on so paltry a record—and its failure to demand answers that would explain the most recent delay—will be disheartening to many.

History does not give me confidence that we will see compliance with the Fair Housing Act anytime soon.

On September 26, 2013, this Court insisted that rules to govern allocating fair share obligations among municipalities "cannot wait.... A remedy must be put in place to eliminate the limbo in which municipalities, New Jersey citizens, developers, and affordable housing interest groups have lived for too long." *In re Adoption of N.J.A.C. 5:96 & 5:97*, 215 *N.J.* 578, 620, 74 *A.*3d 893 (2013). "[W]e endorse[d] the Appellate Division's quick deadline for reimposing third-round obligations," *ibid.*, and thus "remanded for the promulgation of a new set of rules within five months," *id.* at 595, 74 *A.*3d 893. The Appellate Division's order, which we affirmed, had been entered three years earlier on October 8, 2010. *In re Adoption of N.J.A.C. 5:96 & 5:97*, 416 *N.J.Super.* 462, 511, 6 *A.*3d 445 (App.Div.2010). That order directed COAH to adopt Third Round Rules within five months using recently available data and a methodology similar to the ones promulgated in the first two rounds. *Ibid.*

Significantly, when we heard oral argument on November 14, 2012 in this case, COAH's counsel represented to the Court that revised Third Round Rules would not be "incredibly difficult" to prepare because "a lot of the basics are done" and the regulations could be completed within months.

So what steps did COAH take to comply with this Court's order that required promulgation of new rules by February 26, 2014? Not once in those five months did Commissioner Constable—who by statute is the chairman of COAH—convene a meeting of the Council. Indeed, by all appearances, the Commissioner proceeded as a one-man COAH. It bears mentioning that in June 2011, the Governor unilaterally—without legislative authorization—abolished COAH, an independent agency, and transferred its responsibilities to the Department of Community Affairs. *In re Plan for*

*the Abolition of the Council on Affordable Hous.,* 214 *N.J.* 444, 448, 70 *A.*3d 559 (2013). In July 2013, however, this Court ruled that the Governor had overstepped his authority and did not have the power to eliminate COAH. *Ibid.* Since that ruling, COAH has never met as a body. COAH member Tim Doherty is reported to have requested, after our ruling, that Commissioner Constable convene a meeting; but Mr. Doherty never received a response. *See* Salvador Rizzo, "NJ Court Orders Affordable Housing Agency to Get Back to Work," *Star–Ledger,* Mar. 7, 2014, *available at* http://www.nj.com/politics/index.ssf/2014/03/nj_court_orders_affordable_housing_agency_to_get_back_to_work.html.

We have received no explanation how COAH could have met the deadline set by this Court if the Council never convened as a body. When the Fair Share Housing Center sought information from COAH about its progress in meeting the deadline, no one deigned to respond. If COAH was unable to promulgate the regulations within a five-month period, Commissioner Constable presumably knew so early in the process. That is because adoption of the regulations requires a number of steps, beginning with the proposal of regulations, a public comment period, and final adoption by COAH. *See N.J.S.A.* 52:14B–4(a).

Based on the present inadequate record, it appears that Commissioner Constable permitted the clock to run out, and not until the day the regulations should have been adopted did he request an extension of the deadline. The certification submitted by Commissioner Constable offers precious little about whether COAH made good-faith efforts to comply with this Court's order. The Commissioner states that "recent, available, and reliable data has been reviewed ... and evaluated to develop a third round methodology," but he does not say by whom. Nor does he indicate what resources were devoted to this project, why the Council that he chairs has not been convened, why counsel for COAH represented to the Court that the entire task could be completed within months, why the time goals set by the Court were unattainable, and why he waited until the day the regulations

were expected to go into effect to ask for an extension that will postpone the promulgation of regulations for another eight months.

With satisfactory answers to these questions, I could join the Court's grant of an extension of the deadline. But I do not believe that this Court has done its due diligence. Instead, it has uncritically accepted Commissioner Constable's certification that tells us almost nothing. This Court deserves answers, and so does the public. The delay the Court endorses today—without any meaningful inquiry—is another sad chapter in the continuing saga to provide affordable housing to low—and moderate-income residents.

Because I cannot join the Court's order on the inadequate record before us, I must dissent.